IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-74,685-04






EX PARTE PAMELA DIANN WILBURN, AKA SUSAN BROUSSARD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 692000-A IN THE 177TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of theft by check
and sentenced to twenty years' imprisonment. The First Court of Appeals affirmed her conviction. 
Wilburn v. State, No. 01-07-0080-CR (Tex. App. - Houston [1st Dist.] July 7, 2008, pet. ref'd) .

 Applicant contends, inter alia, that both her trial and appellate counsel rendered ineffective
assistance. Applicant alleges that her trial counsel was neither retained nor appointed, and that she
had a conflict of interest with her trial attorney arising from his representation of Applicant in a civil
matter. Applicant alleges that she tried to get trial counsel removed from her case, but that her
attempts were ignored by the trial court. Applicant alleges that trial counsel deceived her regarding
the nature and consequences of the plea. Applicant alleges that she believed that these charges had
been dropped in 1995, and alleges that despite the fact that she was on parole supervision for another
conviction from before the indictment in this case was returned until 2006, she was not arrested for
this charge until 2006.

 Applicant alleges that appellate counsel was appointed without her consent, and that appellate
counsel filed the appellate brief without consulting her. According to Applicant, she asked appellate
counsel to withdraw the appellate brief and withdraw from the representation so that Applicant could
file a pro se brief, but appellate counsel did not respond to her requests. Applicant alleges that
appellate counsel subsequently filed a petition for discretionary review on her behalf without
Applicant's consent or knowledge.

 Applicant has alleged facts that, if true, might entitle to relief. Strickland v. Washington, 466
U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial and appellate counsel to respond to Applicant's claims of ineffective assistance of
counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to why there was such
a long delay between the return of the indictment in this case and Applicant's arrest on the charges. 
The trial court shall make findings as to whether trial counsel in this case was retained or appointed. 
The trial court shall make findings as to whether trial counsel filed any pre-trial motions in this case,
and if he did, the trial court shall supplement the habeas record with copies of any such motions. 
The trial court shall make findings as to whether Applicant sought to replace her trial attorney prior
to the entry of the plea, and if so, whether the trial court responded to her request. The trial court
shall make findings as to whether the performance of Applicant's trial counsel was deficient and,
if so, whether counsel's deficient performance prejudiced Applicant. 

 The trial court shall also make findings as to whether Applicant expressed her desire to
pursue her direct appeal pro se, and if so, why appellate counsel was appointed. The trial court shall
make findings as to whether appellate counsel was asked by Applicant to withdraw her appellate
brief and to withdraw from the representation, and if so, whether appellate counsel responded to
Applicant's requests. The trial court shall make findings as to whether appellate counsel advised
Applicant of the court of appeals' opinion in this case, and of her right to pursue discretionary review
pro se. The trial court shall make findings as to whether appellate counsel's performance was
deficient, and if so, whether appellate counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.


Filed: June 27, 2012

Do not publish